Case 1:12-cr-00445-JMF   Document 546   Filed 05/11/15   Page 1 of 9        1

```
D59Wferc
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                                12 CR. 445 (JMF)

JUAN FERNANDEZ,

            Defendant.

------------------------------x

                                      New York, N.Y.
                                      May 9, 2013
                                      10:00 a.m.

Before:

                  HON. JESSE M. FURMAN,

                              District Judge

                      APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
SANTOSH S. ARAVIND
    Assistant United States Attorney

FEDERAL DEFENDERS OF NEW YORK, INC.
    Attorneys for Defendant
SARAH BAUMGARTEL
    -and-
GEORGE GOLTZER

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1      (Case called)

2      MR. ARAVIND:  Good morning, your Honor.  Santosh
3  Aravind, for the government.

4      MS. BAUMGARTEL:  Good morning.  Sarah Baumgartel,
5  Federal Defenders of New York, for Mr. Fernandez.

6      THE COURT:  Good morning, counsel.  Good morning, Mr.
7  Fernandez.  And good morning to Mr. Goltzer, who is here as
8  well.  I understand, Ms. Baumgartel, that your client is
9  interested in changing counsel.  Can you fill me?

10     MS. BAUMGARTEL:  Yes, your Honor.  My client requested
11 that I write to the Court to ask for new counsel.  He's
12 concerned about the quality of my performance, essentially.  I
13 could provide the Court with more details, but I would request
14 if we do that that government counsel step out.  Basically my
15 client has asked that I have new counsel appointed for him.

16     THE COURT:  I will defer to your judgment.  Do you
17 think it's something that you should fill me in on?

18     MS. BAUMGARTEL:  It's really up to your Honor.  I
19 think that at this point, given the situation of communications
20 between Mr. Fernandez and myself, it would make sense for new
21 counsel to be appointed because it would assist him in making
22 the best possible choices in his case.  As I said, I can
23 provide additional details if the Court would like.

24     THE COURT:  Mr. Aravind.

25     MR. ARAVIND:  I'm happy to step out, your Honor.

D59Wferc

1          THE COURT:  All right.  Why don't you do so for a
2  minute and we'll let you know when you can return.  Thank you.
3          MR. GOLTZER:  May I sit down at counsel table, Judge.
4          THE COURT:  You may.
5          MS. BAUMGARTEL:  I think my client is concerned that I
6  gave him bad advice with respect to whether he should enter a
7  plea in this case.  He's talked about possibly withdrawing his
8  plea.  I don't think that that would be in his interest, and
9  I'm concerned that because he doesn't trust my advice he's not
10 going to make the right decision and that that could have
11 detrimental consequences for him down the road.  He has in the
12 past expressed concerns about the advice that I have given him,
13 and this is not something that only developed after he pled
14 guilty.  This is something that had been going on for some
15 time.  I think that we both did our best to meet together and
16 discuss his concerns, but he continues to feel like I am not
17 giving him good advice or I'm talking to the prosecutor or I'm
18 not doing things I should be doing in order to represent his
19 interests.  I don't agree with that, but, at this point, I
20 think that it would be extremely beneficial to Mr. Fernandez
21 and probably to the case as a whole if he could consult with a
22 different lawyer so that he could have greater confidence in
23 the advice that he's being given.
24         THE COURT:  Mr. Fernandez, is it the case that you
25 would like a new lawyer?  Is it true that you would like a new

1    lawyer?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  Okay.  I am going to grant the
4    application.  Obviously, you have pled guilty and the only
5    thing remaining is sentencing, unless you do decide to move on
6    some basis to withdraw your plea.  I will tell you I don't at
7    the moment foresee a basis for that, but obviously new counsel
8    can consult with you about that.

9            I will tell you that you have a right to a lawyer.
10   You don't necessarily have a right to a lawyer of your choice.
11   Ms. Baumgartel is as fine a lawyer as they come and she is a
12   vigorous advocate as she made clear at your plea when she stood
13   up and made statements that, frankly, a lot of lawyers wouldn't
14   have done on your behalf.  And in addition to that, having a
15   lawyer is not like a motel; you don't just check in and check
16   out as you see fit.  You have appointed counsel, and you're
17   entitled to effective counsel.  Ms. Baumgartel is certainly
18   that, Mr. Goltzer is certainly that.

19           All of that said, given the circumstances, I'm willing
20   to grant this application, but I will tell you you're unlikely
21   to get another shot.  Mr. Goltzer is also as fine an attorney
22   as they come.  I had several cases with him when I was a
23   prosecutor so I know that firsthand.  You'll have the virtue of
24   advice from another lawyer and you're going to end up having to
25   stick with that.  Do you understand that?

1              THE DEFENDANT:  I understand.  I would like to speak.
2              THE COURT:  You may want to talk to Mr. Goltzer before
3     you say anything because I don't know what you're going to say.
4              MR. GOLTZER:  Excuse us for a moment, Judge.
5              THE COURT:  Sure.
6              MR. GOLTZER:  I have no problem with him telling you
7     what he just told me, Judge.  It might make him feel better.
8              THE DEFENDANT:  I'm not, I'm not taking her out of my
9     case because I think she's a bad lawyer.  I believe she's a
10    good lawyer, but my thing is that I don't think she was
11    properly prepared for my case.  I don't think she went over my
12    case the way that I need it to be checked because there was not
13    enough time to go over this case.  So I'm not saying, I'm not
14    changing because she's bad.  It's just we don't see eye to eye
15    and there's no communication, so if I can't communicate with
16    somebody that I'm depending on that has my life in their hands,
17    then I can't go with that person.  So I need to, I need another
18    lawyer.  This, this, this thing, this dispute been going on
19    before I took my plea.  I don't have no knowledge to the law.
20    I never studied law.  So me, for me to come out like one
21    person, I need two advisors.  I'm not a smart person on the
22    law.  So I can't just believe everything she's saying to me.
23             I'm facing a lot of time, and I need two advisors.
24    I'm not saying she's a bad lawyer because she's a good lawyer
25    and good person, but I just think she wasn't prepared for this

1   case and I think I just need a second opinion, that there was
2   stuff that she said that was going to be dismissed was never
3   dismissed and I ended up pleading to it.  I'm just need
4   somebody to overlook my case again and see if something went
5   wrong during the case, during the process.  That's my problem.
6            THE COURT:  Okay.  I understand.  Why don't we get
7   Mr. Aravind back.  I don't see any reason for him to remain out
8   there, unless counsel think otherwise.
9            (Pause)
10           THE COURT:  I am going to grant Mr. Fernandez's
11  application on the grounds that there is a breakdown of
12  communication between him and Ms. Baumgartel.  I do so having
13  warned Mr. Fernandez that he is not entitled to counsel of his
14  choice and while I'm willing to grant this application, the
15  likelihood of granting any future such application is quite
16  slim.  Mr. Goltzer, as I said before, is an extremely vigilant
17  and fine attorney, as is Ms. Baumgartel.
18           For the moment, Ms. Baumgartel, you are relieved.  I
19  would ask that you provide Mr. Goltzer with your file from this
20  case and whatever assistance he requires to get up to speed on
21  where things stand and the nature of the evidence.
22           MS. BAUMGARTEL:  I will.
23           THE COURT:  And do so promptly.
24           MS. BAUMGARTEL:  Yes, your Honor.
25           THE COURT:  With that, you are excused, with the

1  Court's thanks.
2        Mr. Goltzer, I don't know what, if anything, you know
3  about this case.  First of all, as a formal matter, you are now
4  appointed in Ms. Baumgartel's stead.
5        MS. BAUMGARTEL:  Thank you.
6        THE COURT:  Mr. Fernandez pled guilty a few months
7  ago.  Sentencing, in fact I don't know what date it was
8  scheduled for, but that is the next step in the process.
9        MR. GOLTZER:  I'm told it's scheduled for sometime in
10 June.  I'm also told he's not been interviewed by the probation
11 department for the sentence.  It might be useful to adjourn it
12 for a little longer so I can see him next week after going
13 online and checking the docket sheet and any documents and
14 getting any input from his prior lawyer.
15       THE COURT:  Just to fill you in, I think you made find
16 that there's a little bit more.  As cases go, there may be a
17 bit more for you to get up on here than other cases.  There
18 were 20 defendants in the indictment.  There were four months
19 of wiretaps and in excess of 11,000 calls intercepted.  They
20 weren't the defendant's phone, but he was certainly, I
21 understand and assume, on many of those calls.  One of the
22 codefendants went to trial, and so in that regard there's a
23 trial record also.  I don't know what precisely you will want
24 to look at, but it's not as typical as some narcotics cases can
25 be.

1            In light of that, I'm certainly willing to give you

2   whatever time you think is necessary to get up to speed and

3   talk to Mr. Fernandez and arrange for him to be interviewed by

4   probation, but I obviously would like to move this forward.

5            MR. GOLTZER:  I'm in a couple of other cases with a

6   voluminous amount of discovery.  So the most time you could

7   give me, I would appreciate.  Certainly if I could have 60 days

8   I'll do my best to get up to speed.  If I need more time, I'll

9   make an application.  I assume you would like us to go forward

10  with the interview in any event.

11           THE COURT:  Yes.

12           MR. GOLTZER:  I will instruct Mr. Fernandez not to

13  speak about the offense at that interview.  He would rely, of

14  course, on his plea for the acceptance, if in fact he doesn't

15  make an application to withdraw it.

16           THE COURT:  No. 1, I already ordered that that

17  interview not take place unless counsel is present, so that

18  order is in place and I will continue it.  I will direct you to

19  arrange within the next two weeks for him to be interviewed by

20  the probation department, given what you just said, and so the

21  probation department can move forward with the presentence

22  report.  Sentencing, I gather, is now scheduled for July 2, so

23  I'm going to adjourn it.  I'm going to give you three months on

24  the theory that you may need a little bit more time than you

25  would anticipate.  I would adjourn it to Wednesday, October 2,

D59Wferc

1    at 3 p.m.  And per my rules and prior direction, any defense
2    submission in connection with sentencing is due two weeks prior
3    to that date.  The government's submission is due one week
4    prior to that date.
5             Is there anything else that we need to deal with?
6             Mr. Aravind.
7             MR. ARAVIND:  No, your Honor.  Thank you.
8             THE COURT:  Mr. Goltzer.
9             MR. GOLTZER:  No.  Thank you, Judge.
10            THE COURT:  Thank you very much.  The matter is
11   adjourned.
12            (Adjourned)