UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                 :
UNITED STATES OF AMERICA,                                        :
                                                                 :
        -v-                                                      :          12-CR-445-1 (JMF)
                                                                 :
JUAN FERNANDEZ,                                                  :          MEMORANDUM OPINION
                                                                 :               AND ORDER
                        Defendant.                               :
                                                                 :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        The Court received the attached letter, dated August 27, 2019, from Defendant Juan

Fernandez seeking the appointment of counsel to file a motion (presumably a motion pursuant to

28 U.S.C. § 2255) in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and "*United States

v. Watkins*," which the Court presumes (based on the details provided by Fernandez) to be a

reference to *United States v. Costa*, 774 F. App'x 41, 42 (2d Cir. 2019). In deciding whether to

exercise its discretion to appoint counsel, the Court must consider various factors, including the

likelihood of success on the merits, the complexity of the legal issues, and the movant's ability to

investigate and present the case. *See*, *e.g.*, *Jerez v. Bell*, No. 19-CV-2385 (CM), 2019 WL

1466899, at *4 (S.D.N.Y. Apr. 2, 2019) (discussing 18 U.S.C. § 3006A(a)(2)(B)). Based on

those factors, the Court denies Fernandez's motion. First, any § 2255 motion would almost

certainly be untimely under 28 U.S.C. § 2255(f) given that Fernandez was convicted on March 3,

2014. *See, e.g.*, *Jones v. United States*, No. 3:16-CV-706 (VAB), 2019 WL 2076735, at *2 (D.

Conn. May 10, 2019). Second, any § 2255 motion is probably barred as an impermissible

second or successive motion. *See* 28 U.S.C. § 2255(h); *see also Fernandez v. United States*, No.

12-CR-445 (JMF), 2016 WL 4735370 (S.D.N.Y. Sept. 12, 2016) (denying a prior § 2255

motion). And third, on the merits, *Rehaif* and *Costa* have no bearing on Fernandez's case.

*Rehaif* concerns 18 U.S.C. § 922(g), but Fernandez was convicted of violating 21 U.S.C. § 846 and 18 U.S.C. § 924(c).  And *Costa* concerns the "crime of violence" prong of 924(c), but Fernandez was convicted pursuant to the "drug trafficking crime" prong.

Accordingly, Fernandez's motion for appointment of counsel is DENIED.  As Fernandez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d 1011, 1015-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). Moreover, this Court certifies pursuant to Title 28, United States Code, Section 1915(a)(3) that any appeal from this Order would not be taken in good faith, so *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Fernandez at the address on the attached letter.

SO ORDERED.

Dated: September 6, 2019
      New York, New York

                                    JESSE M. FURMAN
                             United States District Judge

Hon. Judge Furman
U.S. District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

Re: UNITED STATES V. JUAN FERNANDEZ

August 27, 2019

Hon. Judge Furman:

I am writing this letter in order for the Court to appoint/assign me new counsel, to file a MOTION, on my behalf, because of my "ignorance" to the law, in light of the newly-decided REHAIF V. UNITED STATES, No. 17-9560.

In SHULAR V. UNITED STATES, No. 18-6662 (S. Ct. Cert., granted June 28, 2019), the question presented is whether the determination of a "...serious drug offense...", under A.C.C.A., requires the same categorical approach used in the determination of a violent felony, as in the approach just granted in UNITED STATES V. DAVIS, 139 S. Ct. 2319, 2336 (2019).

The holding will, also, apply to drug crimes underlying 18 U.S.C. § 924(c) convictions, mandatory consecutive sentences starting at five (5) years, for using a gun in a drug offense, or "crime of violence".

In UNITED STAES V. WATKINS, the second Circuit (Jacobs, Pooler, Wesley) vacated a conviction for violating 18 U.S.C. § 924(c), in relation to a conspiracy to commit a Hobbs Act robbery. because § 924(c)'s "residual clause" id "Unconstitutionally vague". In UNITED STATES V. DAVIS, a "crime of violence", under § 924(c), is limited to an offense that "...has as an element the use, attempted use, or threatened use of physical force against the person or property of another..." BECAUSE A CONSPIRACY NEVER FITS THAT BILL, "WATKINS Section 924(c)(1)(A) conviction", and all others based on conspiracy, "...must be vacated..."

Held, in a prosecution, under §§ 922(g), and 924(a)(2), the government must prove both that the defendant knew he possessed a firearm, and that he knew it belonged to the relevant category of persons barred from possessing a firearm.

Any further questions, or information, you may, still, have, or need, kindly contact me directly, and immediately.

Thanking you, again, and in advance, for your most valuable time, and consideration, to this most urgent matter. I remain

Respectfully, and cordially,

JUAN FERNANDEZ
Register No. 67250-054
F.C.I. Fort Dix
P.O. Box 2000
Joint Base MDL, N.J. 08640-5433

Juan Fernandez
Register No. 55269-054
F.C.I. Fort Dix
P.O. Box 2000
Joint Base MDL, N.J. 08640-5433



TRENTON NJ 085

28 AUG 2019 PM 4 L

Hon. Judge Furman
U.S. District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007



USM
P3

10007-133099