UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                   :

UNITED STATES OF AMERICA,           :
                                   :

           -v-                :           12-CR-445-1 (JMF)
                                   :

JUAN FERNANDEZ,                 :           <u>ORDER</u>
                                   :

               Defendant.      :
                                   :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

     Earlier today, the Court received the attached letter from Defendant Juan Fernandez. Because the Court appointed counsel to represent Mr. Fernandez and the letter does not explicitly seek any form of relief, the Court will take no further action on it, except to order defense counsel to contact Mr. Fernandez to advise him about this Order and discuss next steps.

     SO ORDERED.

Dated: June 15, 2020                 _____
      New York, New York                     JESSE M. FURMAN
                                    United States District Judge

Dear Hon. Judge Furman

This letter is to notify you that i have exhausted my Administrative remedies asking for compassionate release. Warden Ortiz reply has nothing to do with compassionate release but about Home Confinement with respect to Attorney General CovI-19 memorandum. I was denied the Cares Act because i don't meet it's Standards and explained the clearly in the BP-9' also i explained that I was asking for Compassionate release based upon my medical condition but the reply i have received has nothing to do with my administrative request. I have tried several time to contact mr. ortiz but it has been to no avail so am forwarding me denial to the courts.

Please excuse my penmanship as it's difficult to get a type writer at the moment.

Juan Fernandez
67050-054
P.O. Box 2000
Fort Dix NJ, 08640

FERNANDEZ, Juan
Reg. No. 67050-054
Remedy No. 1015924-F1

---

### Part B - Response

This is in response to your Request for Administrative Remedy, in which you request home confinement as a result of the COVID-19 pandemic.

We understand you must have several concerns as we attempt to manage the most recent current events.  As with any infectious disease, the Bureau of Prisons (BOP) uses a comprehensive approach to manage its response, which includes screening, testing, appropriate treatment, prevention, education, and infection control measures. The BOP is following guidelines from the Centers for Disease Control (CDC) and the World Health Organization (WHO).  Every facility has contingency plans in place to address a large range of concerns, to include infectious diseases, and is fully equipped to implement these plans as necessary.

A review of your case reveals you are serving a 135-month sentence for Conspiracy to Distribute Narcotics & Possession of a Firearm in the Furtherance of Narcotics Distribution.  You have a projected release date of April 17, 2026, via Good Conduct Time Release.  You have a PATTERN risk assessment score of Medium.  According to Program Statement 5162.05, Categorization of Offenses, dated March 16, 2009, any conviction for a charge of 18 U.S.C. 924(c) is categorized as a crime of violence.  Additionally, on June 19, 2010, you plead guilty to Assault in the Third Degree.  Due to these incidents of current and past violence, you do not qualify for Home Confinement as outlined in the Attorney General COVID-19 memorandum.  Your request is denied.

If you are dissatisfied with this response, you may appeal to the Northeast Regional Director, Federal Bureau of Prisons.  Your appeal must be received in the Northeast Regional Office, U.S. Customs House, 2nd and Chestnut Streets, Philadelphia, PA. 19106, within 20 calendar days of the date of this response.

David E. Ortiz
Warden

5/9/20
Date

FERNANDEZ, Juan
Reg. No. 67050-054
Remedy No. 1015924-F1

---

### Part B - Response

This is in response to your Request for Administrative Remedy, in which you request home confinement as a result of the COVID-19 pandemic.

We understand you must have several concerns as we attempt to manage the most recent current events.  As with any infectious disease, the Bureau of Prisons (BOP) uses a comprehensive approach to manage its response, which includes screening, testing, appropriate treatment, prevention, education, and infection control measures. The BOP is following guidelines from the Centers for Disease Control (CDC) and the World Health Organization (WHO).  Every facility has contingency plans in place to address a large range of concerns, to include infectious diseases, and is fully equipped to implement these plans as necessary.

A review of your case reveals you are serving a 135-month sentence for Conspiracy to Distribute Narcotics & Possession of a Firearm in the Furtherance of Narcotics Distribution.  You have a projected release date of April 17, 2026, via Good Conduct Time Release.  You have a PATTERN risk assessment score of Medium.  According to Program Statement 5162.05, Categorization of Offenses, dated March 16, 2009, any conviction for a charge of 18 U.S.C. 924(c) is categorized as a crime of violence.  Additionally, on June 19, 2010, you plead guilty to Assault in the Third Degree.  Due to these incidents of current and past violence, you do not qualify for Home Confinement as outlined in the Attorney General COVID-19 memorandum.  Your request is denied.

If you are dissatisfied with this response, you may appeal to the Northeast Regional Director, Federal Bureau of Prisons.  Your appeal must be received in the Northeast Regional Office, U.S. Customs House, 2nd and Chestnut Streets, Philadelphia, PA. 19106, within 20 calendar days of the date of this response.

David E. Ortiz
Warden

5/9/20
Date

**FERNANDEZ, Juan**
Reg. No. 67050-054
Remedy No. 1015924-F1

---

### Part B - Response

This is in response to your Request for Administrative Remedy, in
which you request home confinement as a result of the COVID-19
pandemic.

We understand you must have several concerns as we attempt to manage
the most recent current events.  As with any infectious disease,
the Bureau of Prisons (BOP) uses a comprehensive approach to manage
its response, which includes screening, testing, appropriate
treatment, prevention, education, and infection control measures.
The BOP is following guidelines from the Centers for Disease Control
(CDC) and the World Health Organization (WHO).  Every facility has
contingency plans in place to address a large range of concerns,
to include infectious diseases, and is fully equipped to implement
these plans as necessary.

A review of your case reveals you are serving a 135-month sentence
for Conspiracy to Distribute Narcotics & Possession of a Firearm in
the Furtherance of Narcotics Distribution.  You have a projected
release date of April 17, 2026, via Good Conduct Time Release.  You
have a PATTERN risk assessment score of Medium.  According to Program
Statement 5162.05, <u>Categorization of Offenses</u>, dated March 16, 2009,
any conviction for a charge of 18 U.S.C. 924(c) is categorized as
a crime of violence.  Additionally, on June 19, 2010, you plead guilty
to Assault in the Third Degree.  Due to these incidents of current
and past violence, you do not qualify for Home Confinement as outlined
in the Attorney General COVID-19 memorandum.  Your request is denied.

If you are dissatisfied with this response, you may appeal to the
Northeast Regional Director, Federal Bureau of Prisons.  Your appeal
must be received in the Northeast Regional Office, U.S. Customs House,
2nd and Chestnut Streets, Philadelphia, PA. 19106, within 20 calendar
days of the date of this response.


David E. Ortiz                          5/9/20
Warden                                  Date

JN   4/24/20   Vic   UNICOR FEDERAL PRISON INDUSTRIES, INC..
LEAVENWORTH, KANSAS

...RTMENT OF JUSTICE        **REQUEST FOR ADMINISTRATIVE REMEDY**

...ureau of Prisons        RS  4-14-20

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Fernandez Juan E      67050-054    5802    FCI Fort Dix
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A– INMATE REQUEST** I requested to be put on home confinement under the care Act due to the pandemic covid-19 and I was denied because am consider a violent offender because my previous charge is 924(c) which under BPP program statement 5162.05 Date March 16, 2009 is consider violent. (2019) United States v. Davis Supreme Court case makes clear 924(c) drug case is not violent. Ex(1), Inmate risk pattern s calculated wrong am a lower risk offender and i should qualify under the care Act. I'm asking for compassionate release based on my medical condition am conside. chronic care I have one kidney making me a high risk inmate this is a "extraordinar and compelling reason" since covid-19 attacks your immune system killing your kidne thiers no possible way to socreal distance at Fort Dix, making me especially very vulnerable to contracting the coronavirus, covid-19. The courts have recently let out several inmate with 924(c) due to this pandemic. U.S. v. Millan 91.cr.685, JS. v. Wade 2:99.CR.00257.cas, united state v. Mcpherson CR94-5708 Rjb. For my medical condition Look at my P.S.I.

4-19-20
DATE                  SIGNATURE OF REQUESTER

**Part B– RESPONSE**

DATE             WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**        CASE NUMBER: _____

                                  CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

**DECARLO L. SANDERS, Petitioner, v. UNITED STATES OF AMERICA, Respondent.**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION**

**2019 U.S. Dist. LEXIS 223462**

**CASE NO: 5:18-CR-12**

**December 31, 2019, Decided**

**December 31, 2019, Filed**

**Counsel**            {2019 U.S. Dist. LEXIS 1}For United States of America, Plaintiff: Scott C. Zarzycki, LEAD ATTORNEY, Kathryn Gaughan Andrachik, Office of the U.S. Attorney - Cleveland, Cleveland, OH.

**Judges:** Dan Aaron Polster, United States District Judge.

**Opinion**

**Opinion by:** Dan Aaron Polster

**Opinion**

**OPINION AND ORDER**

**MEMORANDUM**

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

The second type of predicate act is a "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act . . . the Controlled Substances Import and Export Act . . . or chapter 705 of title 46." 18 U.S.C. § 924(c)(2).

*Davis* held that defining "**crime of violence**" as an offense which "involves a substantial risk of physical force" is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. *Davis* does not discuss the definition of "drug trafficking crime."

Here, Sanders's § 924 charge is{2019 U.S. Dist. LEXIS 3} based on carrying a firearm while possessing with intent to distribute a mixture and substance containing a detectable amount of Carfentanil in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Doc #: 3 at 2. This predicate act is a felony punishable under the Controlled Substances Act. Thus, Sanders's § 924 charge is based on a drug trafficking crime predicate act, not a **crime of violence** predicate act.

Because Sanders's § 924 charge is based on a drug trafficking crime predicate act, the holding in *Davis* is inapplicable. Accordingly, *Davis* does not render Sanders's sentence unconstitutional. Thus, Sanders's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, **Doc #: 29**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster December 31, 2019*

**Dan Aaron Polster**

**United States District Judge**

DISHOT

I

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

67050054

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

# Program Statement

OPI:  OGC/LCI

NUMBER:  P5162.05

DATE: March 16, 2009

## Categorization of Offenses

/s/

Approved: Harley G. Lappin

Director, Federal Bureau of Prisons

### 1. PURPOSE AND SCOPE

To assist in the implementation of various Federal Bureau of Prisons policies and programs. Section 3 of this Program Statement lists offenses the Bureau categorizes as crimes of violence as that term is used in various statutes.  In addition, Section 4 lists offenses that in the Director's discretion shall preclude an inmate's receiving certain Bureau program benefits.

a. Program Objective. The expected result of this program is:

An inmate will be denied the benefits of certain programs if his or her offense is either a **crime of violence** or an offense identified at the discretion of the Director of the Bureau of Prisons.

b.  Summary of Changes

Policy Rescinded

P5162.04  Categorization of Offenses (10/09/2007)

The March 16, 2009, reissuance of this policy updates the lists of statutory offenses.  There are no other content changes.

pro|

1

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

67050054

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

- 753   rescue of an inmate to prevent execution

- 832   participation in nuclear and weapons of mass destruction threats to the

United States

- 842   explosive materials

- 844   penalties

- 871   threats against the President

- 875 (a), (b), (c)   interstate communications

- 878   threats against foreign officials

- 879   threats against former presidents

- 922 (a)(2), (a)(3),(a)(4), (a)(5),(a)(7), (a)(8),(a)(9), (b)(2),(b)(3), (b)(4),(b)(5), (c),(d)(1),

(d)(2),(d)(4),  (d)(8),(d)(9),  (g),(k),(n),  (o),(p),(q)(2),  (q)(3),(r),  (s)(1),(t)(1),  (u),(x)(1)(A),
(x)(2)(A), &

  (z)(1)   firearm violations
-

924(c)   firearms used in violent or drug trafficking crimes

- 929   use of restricted ammunition

- 930(a),(b), & (c)   possession of firearms and dangerous weapons in Federal facilities

1

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

67050054

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

OPI : LEGAL DEPARTMENT

Number : FTD 1330.16

Date : October 1, 2010

Attachment : 1

FCI FORT DIX, NEW JERSEY

INFORMAL RESOLUTION FORM (BP-8)

You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-229 (old BP-9), you MUST ordinarily attempt to informally resolve your complaint through your Correctional Counselor. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally and state names of staff contacted.

Date form issued and initials of Correctional Counselor: _BS   4-14-20_

INMATE NAME _Juan Fernandez_

REGISTER NO. _67050-054_

BLDG. _5802_

Date the incident complained of occurred: _____

Complaint and relief requested: _I asked case manager Mr. Vogt to recommend t home confinement based on the Care Act due to Covid-19 which acts poor immune system due to me having one kidney am highrisk and consider chronic care by the b.o.p. Mr. Vogt explain to me that I don qualify due the risk pattern that am a medium risk offender because my offense is violent since I have a firearm charge →_

CORRECTIONAL COUNSELOR

Date BP-8 returned to Correctional Counselor: _4·20·20_

Efforts made to informally resolve and staff contacted: _In accordance with policy, you are currently serving a sentence for a crime of violence. Additionally, you have convictions in the past involving violence. Any primary or prior violent offenses will render you ineligible._

Date response given to inmate: _4·22·20_ _____

Counselor     (sign)

Date BP-229 (13) Issued: _____ _____

Unit Manager    (sign)

If complaint is NOT informally resolved; forward original attached to BP-229 (13) form to the Legal Assistant.

924.c. possession of a firearm during a trafficking. Supreme Court United States v. Davis ~~explains~~ explains that this offense is non-violent. Based on my calculation I'm a Low risk offender. To resolve this issue I would like to go over the risk pattern to see where the error is at and to fix the risk pattern. Also i have a assault charge is a misdemeanor which the second circuit hold third degree assault is not a crime of violence. United States v. Doug grant,

UNITED STATES, PETITIONER v. MAURICE LAMONT DAVIS AND ANDRE LEVON GLOVER
SUPREME COURT OF THE UNITED STATES
139 S. Ct. 2319; 204 L. Ed. 2d 757; 2019 U.S. LEXIS 4210; 27 Fla. L. Weekly Fed. S 1031
No. 18-431.
April 17, 2019, Argued
June 24, 2019, Decided

**Notice:**

The LEXIS pagination of this document is subject to change pending release of the final published version.

**Editorial Information: Prior History**

{2019 U.S. LEXIS 1}ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUITUnited States v. Davis, 903 F.3d 483, 2018 U.S. App. LEXIS 25486 (5th Cir. Tex., Sept. 7, 2018)

**Disposition:**
903 F.3d 483, affirmed in part, vacated in part, and remanded.
**Judges:** Gorsuch, J., delivered the opinion of the Court, in which Ginsburg, Breyer, Sotomayor, and Kagan, JJ., joined. Kavanaugh, J., filed a dissenting opinion, in which Thomas and Alito, JJ., joined, and in which Roberts, C. J., joined as to all but Part II-C.

**CASE SUMMARY**18 U.S.C.S. § 924(c)(3)(B) commanded the categorical approach, and it was unconstitutionally vague since even if it was possible to read the statute to impose additional punishment, it was impossible to say Congress intended that result or the law gave defendants fair warning that the mandatory penalties of § 924(c) would apply to their conduct.

**OVERVIEW:** HOLDINGS: [1]-18 U.S.C.S. § 924(c)(3)(B) commanded the categorical approach because legislatures knew how to write risk-based statutes that required a case-specific analysis, and § 924(c)(3)(B) was not a statute like that. The case-specific reading would cause the penalties to apply to conduct they had not previously been understood to reach: categorically nonviolent felonies committed in violent ways; [2]-The term ``offense" carried the same ``generic" meaning throughout the statute since it spoke of an offense that, ``by its nature," involved a certain type of risk; [3]-18 U.S.C.S. § 924(c)(3)(B) was unconstitutionally vague since even if it was possible to read the statute to impose additional punishment, it was impossible to say that Congress intended that result or that the law gave defendants fair warning that the mandatory penalties of § 924(c) would apply to their conduct.

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

67050134

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

I entered the Bowman judgment on April 24, 2018. Because he did not appeal the judgment, his conviction became final on May 8, 2018, when his opportunity to appeal expired. *See* Fed. R. App. P. 4(b)(1)(A). He then had one year - until May 8, 2019 - in which{2020 U.S. Dist. LEXIS 4} to file a timely § 2255 motion. He filed his § 2255 motion, at the earliest, on October 17, 2019.2 Therefore, his motion is untimely under § 2255(f)(1).

Bowman asserts that his § 2255 motion is timely filed under § 2255(f)(3), because he filed it within one year of two Supreme Court decisions: *Rehaif v. United States*, **139 S. Ct**. 2191, 204 L. Ed. 2d 594 (2019) and ***United States v. Davis*, 139 S. Ct**. 2319, 204 L. Ed. 2d 757 (2019). To trigger calculation of the federal filing period under § 2255(f)(3), a defendant must show that the right he asserts in the § 2255 motion "was initially recognized by the Supreme Court" in a recent decision. Bowman has not, and could not, assert the right recognized in either of these cases.

In *Rehaif*, decided on June 21, 2019, the Supreme Court held that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. **139 S. Ct**. at 2195. Bowman was not convicted or sentenced under either of the statutes at issue in *Rehaif*.

The *Davis* case, decided on June 24, 2019, addressed an issue related to a statute under which Bowman was convicted - 18 U.S.C. § 924(c). This section prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1). A "drug trafficking crime" is "any felony punishable under{2020 U.S. Dist. LEXIS 5} the Controlled Substances Act, (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). A "crime of violence" is defined as an offense that is a felony and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.18 U.S.C. § 924(c)(3). In *Davis*, the Court held that § 924(c)(3)(B)'s so-called residual clause is unconstitutionally vague. **139 S. Ct**. at 2319. *Davis* provides Bowman no ground for § 2255 relief, because the offense underlying his § 924(c) conviction is conspiracy to manufacture, distribute, and possession with intent to distribute methamphetamine, a drug trafficking crime under the Controlled Substances Act, and not a crime of violence. Therefore, Bowman's § 924(c) conviction does not implicate *Davis* and remains valid. *See, e.g., Houser v. United States*, Nos. 3:19-cv-506-MOC, 3:18-cr-122-MOC-DSC-1, 2019 U.S. Dist. LEXIS 180678, 2019 WL 5295570, at *2 (W.D.N.C. Oct. 18, 2019).

DISHOT                                          1

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

67050054

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

DOUG GRANT, Petitioner, -against- UNITED STATES, Respondent.
UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK
2017 U.S. Dist. LEXIS 103868
06-cr-732 (DLI),15-cv-7151 (DLI)
July 5, 2017, Decided
July 5, 2017, Filed

**Editorial Information: Prior History**

United States v. Grant, 2008 U.S. Dist. LEXIS 1356 (E.D.N.Y., Jan. 8, 2008)

Counsel          {2017 U.S. Dist. LEXIS 1}For USA, Plaintiff (1:06-cr-00732-DLI All
         Defendants): Michael T. Keilty, United States Attorney's Office, Eastern District of Ne,
         Brooklyn, NY.

                    Doug Grant, Plaintiff (1:15-cv-07151-DLI), Pro se, Joint Base
        MDL, NJ.

**Judges:** DORA L. IRIZARRY, Chief United States District Judge.

Opinion

**Opinion by:**        DORA L. IRIZARRY

Opinion

**MEMORANDUM AND ORDER**

**DORA L. IRIZARRY, Chief United States District Judge:**

On July 23, 2008, Petitioner Doug Grant ("Petitioner") pled guilt

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions
and terms and conditions of the Matthew Bender Master Agreement.

67050054

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

### 5. § 120.05(1)

Even if the Court were to accept the government's assertion that Petitioner was convicted under § 120.05(1), there would be no change in this Court's ruling because a conviction{2017 U.S. Dist. LEXIS 15} under § 120.05(1) does not fall within the force clause of the ACCA either.

In *Chrzanoski v. Ashcroft*, 327 F.3d 188, 195 (2d Cir. 2003), the Second Circuit held that, under Connecticut law, third degree **assault is not a crime of violence,** as defined in 18 U.S.C. § 16(a). 18 U.S.C. § 16(a) defines "crime of violence" as "an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 191. The Circuit held that "[u]nder the plain language of § 16(a), the use of force must be an element of the offense for that offense to be a crime of violence." *Id.* at 191. A person could be guilty of one subsection of the third degree assault statute in Connecticut when "he recklessly causes serious physical injury to another person." *Id.* at 192. The government did not argue that a conviction under this subsection, which mirrors N.Y.P.L. § 120.05(4), would constitute a crime of violence.2 *Id.*

Much like the circumstances here, in *Chrzanoski*, the Second Circuit did not know under which subdivision the defendant was convicted, but the court assumed for the purpose of its analysis that the defendant was convicted under subdivision (1).3 The court held that intentional causation of injury does not involve the use of force necessarily. *Id.* at 195. The court reasoned that,{2017 U.S. Dist. LEXIS 16} "human experience suggests numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick patient." *Id.* at 196. Because Connecticut's third degree assault statute has "broad enough" language "to cover myriad other schemes, not involving force, whereby physical injury can be caused intentionally," the Circuit held that it was not a crime of violence. *Id.*

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

67050054

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

---

NITED STATES OF AMERICA, -against- JEROME BROWN, Defendant.
UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
322 F. Supp. 3d 459; 2018 U.S. Dist. LEXIS 134643
17-CR-420 (KMW)
July 24, 2018, Decided
July 25, 2018, Filed

---

**Judges:** {2018 U.S. Dist. LEXIS 1}KIMBA M. WOOD, United States District Judge.

### Opinion

**Opinion by:**        KIMBA M. WOOD

### Opinion

{322 F. Supp. 3d 460} KIMBA M. WOOD, United States District Judge:

On July 2, 2018, this Court sentenced Jerome Brown for his conviction on one count of possession of a firearm by a prohibited person. In calculating Mr. Brown's base offense level, the Court declined to consider his 2008 conviction for attempted assault in the second degree pursuant to New York Penal Law section 120.05(1) as a "crime of violence" under U.S. Sentencing Guidelines section 2K2.1(a)(4)(A). The Court stated that it would issue an opinion explaining that ruling.

### I. BACKGROUND

On October 6, 2017, Jerome Brown ("Defendant") was convicted after a one-week jury trial of one count of possession of a firearm by a prohibited person (a convicted felon) under 18 U.S.C. § 922(g)(1). The Presentence Investigation Report ("PSR") calculated Defendant's base offense level as 20 because, pursuant to Sentencing Guidelines section 2K2.1(a)(4)(A), "the offense was committed subsequent to the defendant sustaining at least one prior felony conviction of a crime of violence." (PSR, ECF No. 77, at ¶ 21.) The "one prior felony conviction of a crime of violence" at issue here resulted from Defendant pleading guilty to Attempted Assault in the 2nd Degree pursuant to New York Penal Law, section 120.05(1) (the "Prior Conviction"). (PSR ¶ 39; Def 's Reply{2018 U.S. Dist. LEXIS 2} Submission, ECF No. 91, at 2; {322 F. Supp. 3d 461} Gov't's Sentencing Submission, ECF No. 90, at 10.)

Prior to sentencing, defense counsel argued that the Prior Conviction was not a "crime of violence" under the Sentencing Guidelines. Counsel argued that, because section 120.05(1) criminalizes some omissions, it can be violated without the use of force, and thus it is not categorically a crime of violence. The Government disagreed, contending that section 120.05(1) is categorically a crime of violence, because committing the crime requires violent force.

On July 2, 2018, the Court sentenced Defendant. At sentencing, the Court ruled that the Prior Conviction was not a "crime of violence" under Sentencing Guidelines section 2K2.1(a)(4)(A).

### II. Legal Standard

#### A. The U.S. Sentencing Guidelines

Under Guidelines section 2K2.1(a)(4)(A), a base offense level of 20 applies if "the defendant

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

67050054

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." Application Note 1 to section 2K2.1 states that the term "crime of violence" "has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." Section 4B1.2(a) defines the term "crime of violence," in pertinent part, as "any offense under federal or state law, punishable by imprisonment for a term**{2018 U.S. Dist. LEXIS 3}** exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." Application Note 1 of the Commentary to section 4B1.2 provides that the terms "'[c]rime of violence' and 'controlled substance offense' include . . . attempting to commit such offenses."

Where, as here, the underlying criminal statute contains multiple subsections and there is no dispute as to which subsection the defendant was convicted of violating, courts use a "categorical approach" to determine "whether a state conviction qualifies as a predicate offense for a federal sentence enhancement." *See United States v. Jones*, 878 F.3d 10, 15-16 (2d Cir. 2017).

Courts employing the categorical approach "confine [their] inquiry to the legal elements of the state statute without at all considering the facts of the underlying crime." *Id.* at 16. For this reason, courts first ascertain "the minimum conduct necessary for a conviction of the predicate offense," and then determine whether that minimum conduct "amounts to a crime of violence." *See United States v. Hill*, 890 F.3d 51, 55-56 (2d Cir. 2018) (applying categorical approach to hold that Hobbs Act robbery constitutes a "crime of violence" under 18 U.S.C. § 924(c)(3)(A)). If that minimum conduct does not constitute "a crime of violence," then a conviction**{2018 U.S. Dist. LEXIS 4}** under the state statute does not qualify as a "crime of violence" under Sentencing Guidelines section 2K2.1. *See id.* at 56. However, a court will deem a predicate offense **not a crime of violence** only if there is "a realistic probability, not a theoretical possibility, that the statute at issue could be applied to conduct that does not constitute a crime of violence." *Id.* at 56 (quotation marks and citation omitted).

"The government bears the burden of showing that a prior conviction counts as a predicate offense for the purposes of a sentencing enhancement." *United States v. Savage*, 542 F.3d 959, 964 (2d Cir. 2008); *accord United States v. Barrow*, 230 F. Supp. 3d 116, 122 (E.D.N.Y. 2017). Because "[p]rior convictions that qualify as predicate offenses can greatly increase sentences, . . .what constitutes a prior conviction should be strictly interpreted." *Barrow*, 230 F. Supp. 3d at 122.

### B. The Statute at Issue

**{322 F. Supp. 3d 462}** Under New York Penal Law section 120.05(1), "[a] person is guilty of assault in the second degree when . . . [w]ith intent to cause serious physical,injury to another person, he causes such injury to such person or to a third person . . . ."

### III. Discussion

The Prior Conviction is **not a "crime of violence"** for purposes of Sentencing Guidelines section 2K2.1(a)(4)(A), because there is a "realistic probability" that New York Penal Law section 120.05(1) criminalizes omissions.

Convictions under statutes that criminalize omissions are not convictions for crimes of violence.**{2018 U.S. Dist. LEXIS 5}** In *Chrzanoski v. Ashcroft*, 327 F.3d 188, 191-92 (2d Cir. 2003), the Second Circuit analyzed whether **assault in the third degree** under Connecticut law constituted a "crime of violence" in applying the Immigration and Nationality Act, which uses a slightly broader definition of "crime of violence." *See* 18 U.S.C. § 16(a) (defining "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person *or property* of another") (emphasis added). The Connecticut statute prohibited, inter alia,

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

67050054

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

causing "physical injury to another person" with the intent to do so. *Chrzanoski*, 327 F.3d at 192 (quoting section 53a-61 of the Connecticut General Statutes). The Second Circuit held that "the intentional causation of injury does not necessarily involve the use of force," because injury can be caused by, among other things, deliberate omissions-e.g., a physician withholding life-saving medication. *Id.* at 195. For this reason, the court concluded that acts criminalized by the Connecticut statute were not categorically "crimes of violence." *Id.* at 196.

The Government argues that *Chrzanoski* should not govern this case in light of the Supreme Court's decision in *United States v. Castleman*, 572 U.S. 157, 134 S. Ct. 1405, 188 L. Ed. 2d 426 (2014). In *Castleman*, the Court held that a "misdemeanor offense of having 'intentionally or knowingly cause[d] bodily injury to' a person "qualifies as a**{2018 U.S. Dist. LEXIS 6}** 'misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9). 134 S. Ct. at 1408. In so holding, the Court created a category of "indirect" uses of force, which includes among acts of force such actions as poisoning. *Id/* at 1415. The decision abrogated *Chrzanoski*'s holding that such acts did not involve the use of force.

Although the Government argues that *Castleman*'s rationale extends to omissions, there is nothing in the opinion that supports that contention. *Castleman*'s concept of "indirect force" focuses on <u>acts</u> (e.g., employing poison), not omissions.1 **{322 F. Supp. 3d 463}** *See id.* at 1414-15; *see also United States v. Harris*, 205 F. Supp. 3d 651, 671 (M.D. Pa. 2016) (explaining that *Castleman* did not address omissions, which are distinguishable from indirect force because "it cannot be said that physical force has been used when no act has been performed").2

There is a realistic probability that New York Penal Law section 120.05(1) criminalizes omissions. Under New York criminal law, a defendant can be liable for omissions where the defendant had a duty to act. N.Y.P.L. § 15.10. Indeed, individuals have been prosecuted in New York for assault, in particular, on the basis of omissions. *See People v. Miranda*, 204 A.D.2d 575, 575-76, 612 N.Y.S.2d 65 (2d Dep't 1994) (reversing dismissal of assault charges where defendant allegedly "fail[ed] to obtain medical care**{2018 U.S. Dist. LEXIS 7}** for [her child]" because "parents have a nondelegable affirmative duty to provide their children with adequate medical care"); *People v. Gladden*, 118 Misc. 2d 831, 832-33, 462 N.Y.S.2d 115 (N.Y. Sup. Ct. 1983) (setting forth what a prosecutor must show to establish that assault was committed by "an omission or a failure to act").

Jurisprudence concerning New York's analogous manslaughter statute supports the Court's reading of section 120.05(1). In New York, "[a] person is guilty of manslaughter in the first degree when . . . [w]ith intent to cause serious physical injury to another person, he causes the death of such person or of a third person . . . ." N.Y.P.L. § 125.20(1). Because "[t]he Penal Law provides that criminal liability may be based on an omission," and "[p]arents have a nondelegable affirmative duty to provide their children with adequate medical care," it follows that "the failure to obtain medical care can . . . support a first degree manslaughter charge." *People v. Steinberg*, 79 N.Y.2d 673, 680, 595 N.E.2d 845, 584 N.Y.S.2d 770 (1992) (citations omitted); *see also United States v. Scott*, 2017 U.S. Dist. LEXIS 85033, 2017 WL 2414796, at *2-3 (S.D.N.Y. July 2, 2017) (Swain, J.) (holding that, because "a defendant may be convicted of violating subsection one of New York's first degree manslaughter statute by an act of omission, which by definition does not involve an act of any kind, let alone the use of force," manslaughter is not a "violent felony" for**{2018 U.S. Dist. LEXIS 8}** purposes of the ACCA). Because section 125.20(1), which criminalizes "caus[ing] . . . death," applies to omissions, it stands to reason that section 120.05(1), which criminalizes "caus[ing serious physical] injury," also applies to omissions.

Accordingly, because someone can violate § 120.05(1) by an omission, it cannot categorically be a "crime of violence." *See Grant v. United States*, No. 06-CR-732 (DLI), 2017 U.S. Dist. LEXIS

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

67050054

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

103868, 2017 WL 2881132, at *4-5 (E.D.N.Y. July 5, 2017) (explaining that a conviction under § 120.05(1) does not constitute a "violent felony" under the ACCA); *United States v. Poindexter*, Criminal Action No. 3:97-CR-00079-JAG, 2016 U.S. Dist. LEXIS 154589, 2016 WL 6595919, at *4-5 (E.D. Va. Nov. 7, 2016) (same) (citing *Chrzanoski*).

The Government cites to a ruling by Judge Sullivan that a different subsection of the statute at issue here constitutes a "crime of violence." That ruling is currently on appeal to the Second Circuit. *United States v. Torres*, 17-3454-cr. In that case, the defendant was convicted of second-degree assault under New York Penal Law section 120.05(10)(b), which criminalizes {322 F. Supp. 3d 464} "caus[ing] physical injury" to students on school grounds under certain circumstances. *Torres*, Def.'s Br., Dkt. No. 17, at 4-6. Judge Sullivan found it implausible that this subsection would be used to prosecute an omission and, accordingly, held that this conviction was a "crime of violence." *Torres*, Def.'s App'x, Dtk. No. 18, at A119. Judge Sullivan noted, however, {2018 U.S. Dist. LEXIS 9} that it was "not a slam dunk either way" whether the statute at issue was a crime of violence. Def.'s App'x, at A118.

The Court has carefully considered all of the Government's remaining arguments and rejects them.

## IV. CONCLUSION

The Court holds that, because there is a "realistic probability" that New York Penal Law section 120.05(1) criminalizes omissions, Defendant's conviction thereunder is not a "crime of violence" for purposes of United States Sentencing Guidelines section 2K2.1(a)(4)(A).

Dated: New York, NY

July 24, 2018

/s/ Kimba M. Wood

KIMBA M. WOOD

United States District Judge

### Footnotes

1

*Castleman* is inapposite here for another reason. In *Castleman*, the Court applied a different standard in interpreting the term "force." *Id.* at 1413. The Court decided, in particular, that the "requirement of 'physical force [was] satisfied, for purposes of § 922(g)(9), by the degree of force that supports a common-law battery conviction." *Id.* Indeed, the Court specifically acknowledged that "force" as used to define a "violent felony" under the Armed Career Criminal Act ("ACCA"), must be "violent force," as opposed to common-law battery "force." *Id.* at 1410. "The ACCA's definition of 'violent felony' is identical in all material respects to Guidelines section 4B1.2(a)'s definition of 'crime of violence.'" *United States v. Reyes*, 691 F.3d 453, 458 n.1 (2d Cir. 2012); *accord Diaz v. United States*, 2017 U.S. Dist. LEXIS 70408, 2017 WL 1855895, at *1 n.1 (W.D.N.Y. May 9, 2017) ("Because of the substantial similarity between the ACCA's definition of violent felony and the Guidelines' definition of crime of violence, 'authority interpreting one phrase frequently is found to be persuasive in interpreting the other phrase.") (quoting *United States v. Walker*, 595 F.3d 441, 443 n.1 (2d Cir. 2010)).

2

4

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

67050054

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

The Government also cites to *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018), for the proposition that *Castleman* in effect overturned *Chrzanoski*. (ECF No. 90, at 11). This is misleading. *Castleman* may have abrogated *Chrzanoski* with respect to the distinction between direct and indirect force, but neither *Castleman* nor *Hill* addresses criminal omissions.

1ybcases                                    5

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

67050054

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

