```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
UNITED STATES OF AMERICA,                                 :
                                                          :         12-CR-445-1 (JMF)
                -v-                                       :
                                                          :         MEMORANDUM OPINION
JUAN FERNANDEZ,                                           :               AND ORDER
                                                          :
                        Defendant.                        :
                                                          :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Defendant Juan Fernandez moves, pursuant to 18 U.S.C. § 3582(c)(1)(A), for compassionate release in light of the COVID-19 pandemic. *See* ECF No. 812. Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a).

Upon review of the parties' submissions, the Court denies the motion, substantially for the reasons set forth in the Government's opposition. *See* ECF No. 813. As the Government concedes, there are certainly extraordinary and compelling reasons for compassionate release. *See id.* at 2; *see also, e.g.*, *United States v. Maya Arango*, No. 15-CR-104 (JMF), 2020 WL 3488909, at *2 (S.D.N.Y. June 26, 2020) (holding that the threat of COVID-19 to inmates in prison qualifies as an extraordinary and compelling reason for compassionate release). But, considering the Section 3553 factors, the Court concludes that compassionate release is unwarranted. Among other things, Fernandez's crimes were serious, involving guns and violence; as the Court noted at sentencing, Fernandez somewhat minimized his culpability and

arguably did not take full responsibility for the scope or gravity of his conduct; even so, the Court granted a significant downward variance from the Guidelines range; there are no positive cases in the facility where Fernandez is detained; and Fernandez has served only about half of his sentence.  On top of that, given the 180-month statutory mandatory minimum, granting compassionate release would be in tension, if not conflict, with Congress's intent and would risk creating an "unwarranted sentence disparit[y]" between the sentence imposed on Fernandez and the sentences imposed on other, similarly situated defendants who were sentenced in accordance with the statutory mandatory minimum.  18 U.S.C. § 3553(a)(6); *see United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) ("[I]n deciding motions for compassionate release, the Court should be wary of using the motion to . . . introduce unprincipled variance into the execution of duly-imposed sentences . . . ."). That, in turn, "could undermine respect for law." *Ebbers*, 432 F. Supp. 3d at 430 n.11; *see* 18 U.S.C. § 3553(a)(2), (b)(1) (providing that, in imposing a sentence, the court "shall consider," among other things, "the need for the sentence imposed . . . to promote respect for the law").

      Accordingly, Fernandez's motion is DENIED.  The Clerk of Court is directed to terminate ECF No. 812.

      SO ORDERED.

Dated: July 16, 2020  
      New York, New York

                                                     JESSE M. FURMAN  
                                                   United States District Judge