UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                                             :
                                                                      :         12-CR-445-1 (JMF)
            -v-                                                       :
                                                                      :         MEMORANDUM OPINION
JUAN FERNANDEZ,                                                       :         AND ORDER
                                                                      :
                          Defendant.                                  :
                                                                      :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On July 16, 2020, this Court denied a motion for compassionate release filed by Defendant Juan Fernandez.  *See* ECF No. 817.  Although the Court found that there were "extraordinary and compelling reasons" for compassionate release, it ultimately concluded that compassionate release was unwarranted based on an evaluation of the Section 3553 factors.  As the Court explained:

> Among other things, Fernandez's crimes were serious, involving guns and violence; as the Court noted at sentencing, Fernandez somewhat minimized his culpability and arguably did not take full responsibility for the scope or gravity of his conduct; even so, the Court granted a significant downward variance from the Guidelines range; there are no positive cases in the facility where Fernandez is detained; and Fernandez has served only about half of his sentence.  On top of that, given the 180-month statutory mandatory minimum, granting compassionate release would be in tension, if not conflict, with Congress's intent and would risk creating an "unwarranted sentence disparit[y]" between the sentence imposed on Fernandez and the sentences imposed on other, similarly situated defendants who were sentenced in accordance with the statutory mandatory minimum. . . .  That, in turn, "could undermine respect for law."

*Id.* (quoting 18 U.S.C. § 3553(a)(6) and then *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 n.11 (S.D.N.Y. 2020)).  Fernandez filed a notice of appeal from the Court's decision, *see* ECF No. 819, and that appeal is pending, *see* Case No. 20-2467 (2d Cir.).

Fernandez now renews his motion based on the "surge of COVID-19 cases" at FCI Fort Dix, where he is detained. ECF No. 826 ("Mot."), at 1. Fernandez acknowledges that the Court lacks jurisdiction to grant the motion given his appeal, but requests an "indicative ruling" pursuant to Rule 37(a) of the Federal Rules of Criminal Procedure, *see id.*, which provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal . . . , the court may" do any of three things: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a).

Upon review of the parties' submissions, Fernandez's motion is denied. To be sure, because "the number of confirmed COVID-19 cases at a facility" is relevant "in assessing the adequacy of the facility's protective measures" and in "determining whether a defendant has demonstrated a particularized risk of contracting COVID-19," *United States v. Roney*, — F. App'x —, No. 20-1834, 2020 WL 6387844, at *3 (2d Cir. Nov. 2, 2020) (summary order), the question is certainly closer now than it was in July 2020, when there were no reported COVID-19 cases at Fort Dix. Indeed, almost two months ago, this Court observed in another case that "the incidence of COVID-19 at FCI Fort Dix" had "increased at an alarming rate." *United States v. Avery*, No. 14-CR-810 (JMF), 2020 WL 6728781, at *1 (S.D.N.Y. Nov. 16, 2020). And the situation has gotten only worse since that time. *See* Mot. 2. But the lack of any reported cases of COVID-19 in July 2020 was merely one factor on which the Court relied in denying Fernandez's earlier motion. And in the Court's judgment, the other factors — and, more broadly, consideration of "how early release would impact the aims of the original sentence" — continue to weigh against compassionate release. *Roney*, 2020 WL 6387844, at *2.

2

Of course, it is "possible that a sufficiently significant increase in the threat, combined with the passage of additional time toward the expiration of [Fernandez's] original sentence, would alter [this Court's] balancing of the circumstances argued to be extraordinary against the factors that counsel continued incarceration." *Id.*  For that reason, the Court does not "rul[e] out the possibility" that future "changes in circumstances may . . . be so dramatic as to warrant" a different conclusion (although, with the prospect of prisoners being offered a COVID-19 vaccine on the horizon, the Court sincerely hopes that that day never arrives).  *Id.*; *see* Emily Bazelon, *Why Inmates Should Be at the Front of the Vaccination Lines*, N.Y. TIMES (Dec. 3, 2020), available at https://www.nytimes.com/2020/12/03/opinion/coronavirus-vaccine-jail.html.   But in the Court's judgment, the changes in circumstances since July 2020 are not now sufficient to justify a different result.  Accordingly, Fernandez's renewed motion for compassionate release is DENIED.  The Clerk of Court is directed to terminate ECF No. 826.

SO ORDERED.

Dated: January 13, 2021
       New York, New York

_____
JESSE M. FURMAN
United States District Judge